UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher P. Cole

   v.　　　　　　　　　　　　　　　Case No. 19-cv-360-PB

New Hampshire Dep't of Corrections

## REPORT AND RECOMMENDATION

Before the court is pro se plaintiff Christopher P. Cole's amended complaint, which the court construes as having been filed pursuant to 42 U.S.C. § 1983. (Doc. No. 8). The amended complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

## Background

On April 4, 2019, Cole filed the cover sheet for a civil complaint in this court, see Doc. No. 1, naming himself as plaintiff and the New Hampshire Department of Corrections ("NHDOC") as the only defendant. The court entered an order providing Cole the opportunity to file an amended complaint stating with specificity the facts underlying his case and identifying why any individual not immune from the relief sought should be held liable. See April 17, 2019 Order (Doc. No. 6) at 3 (citing New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004) (state agencies are not proper defendants in federal court, absent a waiver of Eleventh Amendment immunity)).

Cole filed the instant amended complaint on April 19, 2019, again naming only the NHDOC as defendant. The amended complaint is not a model of clarity, and most of the allegations in it, and the 84 pages of attachments, are disjointed and appear to reflect disordered or delusional thinking.

Cole alleges that prior to October 18, 2017, he had been a parolee living in the community. He was re-arrested at the Concord Hospital on October 18, 2017, pursuant to a warrant, which Cole describes as only partially completed and dated October 19, 2017, issued by the New Hampshire Adult Parole Board ("APB"). The arresting officers handcuffed and shackled him, before they transported him to an isolation tank at the New Hampshire State Prison ("NHSP") on that date.

Cole alleges that he appeared before the APB on November 14, 2017 and was told he would be released on April 14, 2018. Cole alleges that while incarcerated, he was transferred to the Northern New Hampshire Correctional Facility ("NCF") in November 2018. At NCF, Cole was strip searched twice in January 2019 and charged with and found guilty of multiple disciplinary violations arising from incidents related to the strip searches. Cole further alleges that he was released from prison on February 27, 2019.

Cole seeks compensation for alleged violations of his rights under the Fourth, Eighth, and Fourteenth Amendments,

relating to his arrest, detention, strip searches, and prison disciplinary proceedings, as well as for false imprisonment and other torts under state law.

## Preliminary Review Standard

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine, among other things, whether the plaintiff has asserted any claim upon which relief might be granted or seeks monetary relief from any defendant who is immune from the relief sought. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). To determine if the pleading states a claim upon which relief can be granted, the court first disregards any parts of the pleading that amount to legal conclusions; next, takes as true all well-pleaded facts in the plaintiff's complaint, the inferences reasonably drawn from those facts, implications from documents incorporated into the complaint, and facts subject to judicial notice; and finally, construes those facts in a light most favorable to the plaintiff's theory of liability. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013). In determining whether a pro se pleading states a claim upon which relief can be granted, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Discussion

I.  <u>Federal Claims</u>

Cole has named the NHDOC as the sole defendant in this action.  The Eleventh Amendment bars suits in federal courts against a state unless the state has waived its sovereign immunity or Congress has exercised its power to override sovereign immunity.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989).

Because Cole seeks to hold the state agency that runs the state prisons liable for violations of his federal constitutional rights, he necessarily seeks to invoke 42 U.S.C. § 1983 to provide him with a cause of action.  Section 1983 provides as follows:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

<u>Id.</u> (emphasis added).  A state is not a person within the meaning of § 1983, and Congress has not abrogated states' Eleventh Amendment immunity in civil rights cases brought under that section.  <u>Will</u>, 491 U.S. at 64.  Because the state is not a person and cannot be sued for damages in a § 1983 claim, state

4

agencies also are not persons for purposes of § 1983. Fantini v. Salem State College, 557 F.3d 22, 33 (1st Cir. 2009) ("It is well settled that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." (internal alterations, citations, and quotations omitted)).

Accordingly, this court cannot consider the merits of Cole's claims for damages for alleged violations of his federal constitutional rights against the only defendant he has named in this action. Therefore, the district judge should dismiss Cole's federal claims.

II. State Law Claims

Cole asserts state law claims, naming the NHDOC as the defendant. The district judge should dismiss those tort claims, pursuant to 28 U.S.C. § 1367(c)(3), in light of the absence of abrogation or a waiver of the state's Eleventh Amendment immunity, without prejudice to Cole's ability to assert his tort claims in an action filed against appropriate defendants in a court of competent jurisdiction. See Lebrón v. Puerto Rico, 770 F.3d 25, 32 (1st Cir. 2014) ("Unless a state consents, 'a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.'" (citation omitted)).

## Conclusion

For the foregoing reasons, the district judge should dismiss this action, without prejudice to Cole's ability to file a new lawsuit in a court with jurisdiction over his claims, naming proper defendants who may be held liable for the relief sought.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 16, 2019

cc:  Christopher P. Cole, pro se